## MOLLFULLEDA v. RAMOS.

APPEAL in cassation from the District Court of San Juan.

No. 54.—Decided April 13, 1903.

PUBLIC INSTRUMENTS.—Public instruments are evidence whenever their authenticity has not been expressly questioned at the trial by the aggrieved party.

EXECUTORS OF WILLS.—Executors of wills have all the powers expressly conferred upon them by the testator and which are not contrary to law.

presentó demanda en juicio declarativo de menor cuantía, ante el extinguido Juzgado de 1.ª Instancia de esta Capital, contra Don Francisco Ramos, para que se declarase nulo y de ningún valor el informativo posesorio que había promovido el demandado, de una estancia sita en el barrio de Hato-Rey del término municipal de Rio-Piedras y su inscripción en el Registro de la Propiedad, con otros pronunciamientos, y conferido traslado de la demanda á Don Francisco Ramos, como éste se opusiera á que se sustanciara por los trámites del juicio de menor cuantía, tramitado en forma de incidente, declaró el Juez de 1.ª Instancia, por auto de 19 de Mayo de 1891, que dicha demanda debía ventilarse por los trámites del juicio ordinario de mayor cuantía, sin especial condenación de costas.

*Resultando:* que Don Ramón Mollfulleda falleció en el pueblo de Rio-Piedras, en 31 de Marzo de 1896, bajo las disposiciones del testamento nuncupativo que otorgara en dicho pueblo, ante el Notario de esta Capital, Don Mauricio Guerra Mondragón y Megías, dos días antes de su fallecimiento, y en el cual declaró, por su cláusula sexta, que sus bienes consistían únicamente en una estancia que radicaba en el barrio de Hato-Rey, compuesta de doscientas cuerdas de terreno, que hubo de la Sucesión Delgado, en escritura de 8 de Enero de 1890, ante el mismo notario Don Mauricio Guerra Mondragón, y cuya finca estaban usufructuándola Don Lorenzo Noa una parte y otra Don Francisco Ramos, teniendo contra este último establecido y denunciado un procedimiento criminal, por estafa y falsedad de documentos, sin tener otros bienes.—Por la octava nombró por tutor de sus hijos naturales menores de edad, nombrados Margarita, Paula, Gregoria, Teresa, Ramona y Alejandrina, con relevación de fianza, á su hermano Don Juan Mollfulleda; por la novena instituyó igualmente por su único Albacea, para cumplir y pagar su testamento, á su referido hermano Don Juan, con amplias facultades, encargándole que continuara los pleitos y causas que tenía establecidos contra Don Lorenzo

TESTAMENTARY PROVISIONS.—Every testamentary provision shall be understood in the literal meaning of its words, unless it clearly appears that the will of the testator was different.

OBLIGATION OF AN EXECUTOR.—Although an executorship is a voluntary office, the executor who accepts it is bound to act and cannot resign it without sufficient cause, subject to the sound discretion of the court.

### STATEMENT OF THE CASE.

On August 26, 1890, Ramón Mollfulleda, on behalf of his acknowledged natural daughters Margarita, Teresa, Ramona, Paula, Gregoria and Carmen, brought an action of "lesser import" in the former Court of First Insurance of San Juan, against Francisco Ramos, praying that the proceedings instituted by the latter to acquire possession of a farm, situated in *barrio* "Hato Rey", municipality of Rio Piedras, and the record thereof in the Registry of Property, be declared null and void. Notice of said complaint having been served upon defendant Ramos, he objected to the same being prosecuted under the procedure for actions of lesser import, whereupon the Court of First Insurance declared, by an order dated May 19, 1891, that it should be tried as an ordinary action of greater import without special imposition of costs.

On March 31, 1896, Ramón Mollfulleda died in the town of Rio Piedras, leaving a nuncupative will executed in said town two days before his death, before Notary Mauricio Guerra Mondragón y Mejías of this City. In the sixth clause of said will he declared that all his property consisted of a farm situated in *barrio* "Hato-Rey", composed of two hundred *cuerdas* of land, which he had acquired from the estate of Delgado, by deed executed January 8, 1890, before the aforesaid Notary Mauricio Guerra Mondragón; that the usufruct of one part of said farm was being enjoyed by Lorenzo Noa, and another part by Francisco Ramos, he having instituted criminal proceedings against the latter for fraud and forgery. By the eighth clause of aforesaid will he appointed his brother Juan Mollfulleda, guardian of his above mentioned natural minor children, Margarita, Paula, Gregoria, Teresa, Ramona and Alejandrina, without bond;

Noa y Don Franscisco Ramos, hasta su terminación, y que su testamentaría se arreglara extrajudicialmente; y por la décima instituyó por sus únicos y universales herederos, en el remanente que quedara de todos sus bienes, derechos y acciones, en una mitad, á su legítimo padre Don Mateo Mollfulleda, y en la otra mitad, á sus hijas naturales Carmen, Margarita,/ Paula, Gregoria, Teresa, Ramona y Alejandrina Mollfulleda y Osorio, por partes iguales.

*. Resultando:* que posteriormente, ó sea en 5 de Diciembre del año siguiente, el Procurador Don Evaristo Velez, á nombre de Don Juan Mollfulleda, como Albacea y tutor de los menores hijos de su difunto hermano Don Ramón, y acompañando copia autorizada del testamento de éste, expedida por el mismo Notario Don Mauricio Guerra Mondragón, presentó la demanda objeto de este pleito contra Don Francisco Ramos, por la que, reproduciendo la anterior que había presentado en Agosto de 1890, ampliándola y modificándola por los particulares que estimó pertinentes, concluyó solicitando se sustanciara dicha demanda por los trámites del juicio declarativo de mayor cuantía, y en su día se estimara con lugar, declarándose nulo el expediente posesorio de referencia y su inscripción en el Registro de la Propiedad, y condenándose al demandado al pago de los frutos producidos ó debidos producir, á razón de ciento veinte y cinco pesos mensuales, líquidos, desde la fecha que promovió dicho expediente posesorio, de los daños y perjuicios ó en su defecto de los intereses legales desde la interposición de la demanda y en las costas.

*Resultando:* que conferido traslado de la demanda á Don Francisco Ramos, promovió éste artículo de incontestación, alegando las excepciones dilatorias de incompetencia de jurisdicción, por no haberse designado el Juez competente para conocer de la demanda por medio del reparto; la de falta de personalidad en el demandante y en su Procurador, por no justificar el primero los caracteres con que comparecía en el juicio como tutor de los menores y Albacea

by the ninth clause he appointed his said brother his sole executor with full power to carry out the provisions of his will, and instructed him to prosecute to their termination the law suits he had instituted against Noa and Ramos, and to effect the settlement of his estate extra-judicially; by the tenth clause he appointed as his sole and universal heirs his father, Mateo Mollfulleda, and his above mentioned natural children to inherit the balance remaining of all his property rights and actions, one half to the former, and the other half to be divided in equal shares among his said children, Carmen, Margarita, Paula, Gregoria, Teresa, Ramona and Alejandrina Mollfulleda y Osorio.

On the 5th of December of the following year, Evaristo Velez on behalf of Juan Mollfulleda, as executor and guardian of the minor children of his deceased brother Ramón, filed the complaint against Ramos, which was the beginning of this suit, said complaint being accompanied by a certified copy of the latter's will, issued by aforesaid Notary Mauricio Guerra Mondragón, which complaint was a reproduction of the one filed in August 1890, with such amplifications and modifications as were deemed pertinent; he prayed that the same be prosecuted as an action of greater import, and that judgment be rendered declaring null and void the proceedings to acquire possession hereinbefore referred to, as also the record thereof in the Registry of Property, and that defendant be condemned to pay for the net products gathered or that should have been gathered from the property, at the rate of one hundred and twenty-five *pesos* per month, from the date the proceedings to acquire possession were instituted by him, besides the damages caused, or in default thereof, the legal interest from the time of the filing of the complaint, with costs.

Notice of the complaint having been served upon Francisco Ramos he interposed a plea to the jurisdiction on the ground that the judge assigned to hear the case had not been properly appointed; the want of capacity of the plaintiff and

testamentario de su difunto hermano Don Ramón, y además como apoderado de su padre Don Mateo Mollfulleda, y por no haber presentado el Procurador Velez el poder que lo autorizara para llevar la representación del demandante, y la de arraigó del juicio por su calidad de súbdito español; y que conferido traslado del artículo á Don Juan Mollfulleda, lo evacuó oponiéndose á las excepciones dilatorias alegadas, á excepción de la de falta de personalidad en el Procurador, que realmente era procedente, por no haberse acompañado con la demanda el poder por una omisión involuntaria.

*Resultando:* que recibido á prueba el artículo y vencido su término, presentó escrito Don Juan Mollfulleda renunciando sus cargos de Albacea y tutor de los menores, cuya renuncia, por auto del Tribunal del Distrito, de 27 de Septiembre 'de 1899, se declaró no haber lugar á admitirla, y que habiendo insistido en su renuncia, sin resultado alguno, dictó sentencia el Tribunal de Distrito de San Juan en 28 de Abril del año próximo pasado, declarando con lugar la excepción de falta de personalidad de Don Juan Mollfulleda, en los caracteres con que había comparecido en la demanda; sin hacer declaración sobre las otras excepciones propuestas, por no existir el reparto, no ser procedente el arraigo del juicio con respecto á súbditos españoles, en vista del Tratado de Paris y haber cesado los Procuradores, sin especial condenación de costas.

*Resultando:* que contra esta sentencia se interpuso por la representación dé Don Juan Mollfulleda recurso de casación por infracción de ley, que le fué admitido, y elevados los autos á este Tribunal, con citación y emplazamiento de las partes, personadas éstas, se entregaron los autos al Abogado defensor del recurrente, para formalizar el recurso, como lo verificó, fundándolo en los casos 1.º y 7.º del artículo 1690 de la Ley de Enjuiciamiento Civil, y citando como infringidos:

I.—El artículo 899 del Código Civil, que obliga al Albacea que acepta el cargo, á desempeñarlo. Mollfulleda aceptó el cargo porque se presentó

his solicitor to sue, because the former had not shown his authority as guardian to the minor and executor for his brother Ramón, nor as attorney-in-fact for his father, Mateo Mollfulleda, and because the solicitor Velez had failed to produce the power-of-attorney authorizing him to represent the plaintiff; and alleged, furthermore, want of security for the satisfaction of any judgment which might be rendered in the suit, defendant being a Spanish subject. Notice of this pleading having been served upon Juan Mollfulleda, he answered the same contesting the dilatory exceptions therein contained, excepting as to the solicitor's lack of capacity, he, through an oversight, having failed to file his power-of-attorney with the complaint.

In the course of the proceedings Mollfulleda tendered his resignation as executor and guardian to the minors, which resignation by an order of the court dated September 27, 1899, was refused, and said Mollfulleda having insisted upon the acceptance of his resignation without success the District Court of San Juan, on the 28th of April of last year, rendered judgment sustaining the exception as to Mollfulleda's lack of capacity, and failed to pass upon the other exceptions as to the jurisdiction of the court and the want of security to abide the result of the proceedings, the latter requisite not being necessary with respect to Spanish subjects under the Treaty of Paris; the practice of solicitors representing litigants in court having been abolished, and no special imposition of costs was made.

From this decision Mollfulleda took an appeal in cassation for violation of law based on paragraphs 1 and 7 of article 1690 of the Law of Civil Procedure, which was allowed, and the record having been sent up to this court and the parties having been summoned, and having entered their appearance, the record was delivered to counsel for appellant in order that he might perfect his appeal, which he did, and cited as having been violated :

I.—Article 899 of the Civil Code, which provides that an executor who

con ese carácter á continuar este pleito iniciado por el testador cuando vivía, luego está obligado á desempeñarlo, y la sentencia que desconoce tal obligación infringe este artículo. Confirmando este artículo, la sentencia del Supremo de Madrid de 4 de Julio 95, lo aclara en el sentido de que "una vez aceptado el cargo, tienen los Albaceas testamentarios obligación de desempeñarlo con arreglo á la ley y á la voluntad del testador, *con independencia* de los herederos y sin perjuicio del derecho de éstos para reclamar contra los agravios que pudieran inferírseles". El testador dió ámplias facultades á su único Albacea y además 'le encargó que continuara los pleitos que había comenzado contra Ramos. Luego Mollfulleda se limitó á cumplir las instrucciones testamentarias, que están arregladas á la Ley, porque es legal el encargo de proseguir un pleito. Además, si él no continúa este litigio, aún sin habérselo encargado el testador, habría incurrido en grave responsabilidad, porque la finca debatida aquí es precisamente la única propiedad que según la cláusula 6 del testamento dejó Don Ramón á sus herederos.

II.—Por lo expuesto se ve también la infracción del artículo 901 del antiguo Código Civil, porque los albaceas tienen las facultades que les haya conferido el testador, si no son contrarias á las leyes. Se ha visto ya que Don Ramón encargó á su Albacea la continuación del pleito, y que este encargo no es contrario á la ley.

III.—El artículo 675 del mismo Código establece que las disposiciones testamentarias deben entenderse en sentido literal, á no ser que aparezca fué otra la voluntad del testador. Las sentencias de 22 Mayo 76, 29 Septiembre 86, 5 Mayo 97 y 23 Noviembre 99, desenvuelven la precedente doctrina en el sentido de sostener la voluntad del testador. Viola dichos artículos y sentencias el fallo recurrido, porque al negar personalidad á Mollfulleda como Albacea de su hermano para continuar este pleito, contraría la categórica voluntad del testador, según la cláusula 9 del testamento.

IV y último.—En cuanto al caso 7, se ha cometido error de derecho y error de hecho en la apreciación de la prueba documental; el error 'de derecho consiste en que Mollfulleda presentó el testamento para acreditar su carácter de Albacea y el encargo del testador de proseguir este pleito. Sin embargo, el fallo no reconoce á ese testamento la fuerza probatoria que á los documentos públicos le reconocen los artículos 1218 antíguo, 1165 nuevo, del Código Civil, y 596 de la Ley de Enjuiciamiento Civil. El error de hecho consiste en negar el fallo su carácter de Albacea testamentario á Mollfulleda, con el cual compareció en este pleito y se le admitió la demanda por auto de 23 de Diciembre del 98, fólio 158 vuelto. Error que adquiere mayor relieve recordando la doctrina de la antígua Audiencia Territorial, cuando resolvió idéntica cuestión en la causa contra Ramos, por auto de 27 de Mayo, 96,

accepts the office is bound to act. Mollfulleda accepted the office inasmuch as he appeared in that capacity to continue the prosecution of the suit instituted by the testator during his life, he is therefore bound to perform the duties thereof, and the judgment which does not recognize said obligation, violates the above mentioned article. Confirming this article, the Supreme Court of Madrid, in its decision of July 4, 1895, holds that "the office once accepted, executors are bound to act in accordance with the law and the wishes of the testator, *independently* of the heirs and without prejudice to the rights of the latter to make claim by reason of any harm that might be done them." The testator gave full powers to his only executor and charged him, furthermore, to prosecute the suits he had instituted against Ramos. Therefore, Mollfulleda confined himself to the fulfillment of the testamentary instructions, which are in accordance with law, the commission to prosecute a suit being legal. Moreover, should he fail to prosecute the suit, even had he not been charged to do so by the testator, he would incur a serious responsibility, because the property involved in this controversy, is the only property left to his heirs by the testator according to the sixth clause of the will.

II.—From the reasons above set forth it will be seen that article 901 of the old Civil Code has also been violated, because executors of wills have all the powers conferred upon them by the testator, which are not contrary to law. It has already been seen that Ramón Mollfulleda instructed his executor to prosecute the suit, and said commission is not contrary to law.

III.—Article 675 of the same code prescribes that every testamentary provision shall be understood in the literal meaning of its words, unless it clearly appears that the will of the testator was different. The opinions rendered May 22, 1876, September 29, 1886, May 5, 1897 and November 23, 1899, announce the above doctrine in support of the will of the testator. The judgment appealed from violates aforesaid articles and opinions, because in denying Mollfulleda's capacity to prosecute this suit as his brother's executor, it opposes the express wishes of the testator according to clause nine of the will.

IV and last.—With respect to paragraph seven an error of law and an error of fact have been committed in the consideration of the documentary evidence. The error of law consists in the fact that although Mollfulleda produced the will for the purpose of establishing his capacity as executor and the testator's instruction to prosecute the suit, the judgment fails to recognize in said will the value as evidence accorded to public documents by articles 1218 of the old and 1165 of the new Civil Code, and 596 of the Law of Civil Procedure. The error of fact consists in that the judgment denies to Mollfulleda his capacity as testamentary executor, in which he appeared in this suit and in which the complaint was admitted by an order of December 23, 1898

fólio 94 vuelto, en el sentido de tener personalidad como Albacea para gestionar en nombre de los hijos del testador, lo que á su derecho conviniere.

Abogado del recurrente: *Sr. Rossy (Manuel F.)*

Abogado del recurrido: *Sr. Cuevillas.*

EL JUEZ PRESIDENTE SR. QUIÑONES, después de exponer los hechos anteriores, emitió la siguiente opinión del Tribunal:

*Considerando:* que habiendo declarado la Sala sentenciadora con lugar la excepción dilatoria de falta de personalidad en el demandante Don Juan Mollfulleda, en los carácteres con que compareció en la demanda, y siendo uno de éstos precisamente el de Albacea testamentario de su difunto hermano Don Ramón, implícitamente ha desconocido dicha Sala la fuerza probatoria de los documentos públicos cuya autenticidad no ha sido combatida en el juicio, toda vez que habiendo presentado Mollfulleda, con su escrito de demanda, una copia fehaciente del testamento público otorgado por su hermano Don Ramón, ante el Notario de esta Capital Don Mauricio Guerra Mondragón y Mejías en 29 de Marzo de 1896, cuya autenticidad no ha sido impugnada, y por cuya cláusula novena lo instituyó por su único Albacea, con amplias facultades y encargo expreso de continuar los pleitos y causas que tenía establecidos contra Don Lorenzo Noa y Don Francisco Ramos, hasta su terminación, al no reconocerle la Sala sentenciadora la personalidad que le correspondía como tal Albacea testamentario de su citado hermano, ha infringido los artículos 1218 del antíguo Código Civil y 596 de la vigente Ley procesal, que consagran la fuerza y eficacia de los documentos públicos, cuya autenticidad no ha sido impugnada expresamente en el juicio por la parte á quien perjudiquen, incurriendo, por consiguiente, en cuanto á la apreciación de aquella prueba, en el error de derecho comprendido en el caso 7º, del artículo 1690 de la Ley de Enjuiciamiento Civil, que se ha alegado como uno de los fundamentos del recurso.

found on the reverse of folio 158. This error comes out in bolder relief if we bring to mind the doctrine laid down by the former "Audiencia Territorial", upon deciding a similar question in the case against Ramos, by an order of May 27, 1896, reverse side of folio 94, to the effect that plaintiff had the capacity as executor, to take any steps in behalf of testator's children, which he might deem necessary.

*Mr. Manuel F. Rossy,* for appellant.

*Mr. Hilario Cuevillas Hernández,* for respondent.

MR. CHIEF JUSTICE QUIÑONES, after making the above statement of facts, rendered the following opinion of the court:

The trial court having sustained the dilatory exception of want of capacity on the part of the plaintiff Juan Mollfulleda to prosecute the suit brought by this complaint in the capacities in which he appeared therein and one of these being that of executor of his deceased brother Ramón, said court has implicitly ignored the probatory value of public instruments whose authenticity has not been attacked at the trial, inasmuch as Mollfulleda, having filed with the complaint a certified copy of the will executed on March 29, 1896, by his brother Ramón before Notary Mauricio Guerra Mondragón of this City, whose authenticity has not been assailed, and by clause nine whereof he was constituted his sole executor with full powers and express instructions to prosecute to their termination, the law suits he had instituted against Lorenzo Noa and Francisco Ramos, in failling to recognize his capacity as executor of his brother's will, the court has violated articles 1218 of the old Civil Code and 596 of the Law of Civil Procedure in force, which declare the value and efficacy of public instruments whose authenticity has not been expressly questioned at the trial by the prejudiced party, thus committing, with respect to the consideration of said evidence, the error of law comprised under paragraph 7 of article 1690 of the Law of Civil Procedure, alleged as one of the grounds of the appeal.

Under article 901 of the old Civil Code, executors of wills had all the powers expressly conferred upon them by the

*Considerando:* que·con arreglo al artículo 901 del antiguo Código Civil, los Albaceas tenían todas las facultades que expresamente les hubiera conferido el testador ·y no fueran contrarias á las leyes; y estando acreditado por el testamento de Don Ramón Mollfulleda, presentado por el demandante Don Juan, del mismo apellido, que éste fué nombrado por su difunto hermano, único Albacea, con las facultades expresadas y que no son contrarias á las leyes, es evidente que tenía personalidad bastante para proseguir con aquel carácter el presente litigio, que tenía pendiente su difunto hermano Don Ramón contra Don Francisco Ramos, sobre nulidad de un expediente posesorio y su inscripción en el Registro de la Propiedad, y en su consecuencia, que la sentencia del Tribunal de Distrito de San Juan, que le deniega esa personalidad, infringe el citado artículo 901 del antiguo Código Civil, así como el 675 del mismo Código, según el que, toda disposición testamentaria debe entenderse en el sentido literal de sus palabras, á no ser que claramente aparezca que fué otra la voluntad del testador, y la doctrina jurídica en consonancia con el citado artículo, sentada por el Tribunal Supremo de Justicia de España en las sentencias que se citan en el quinto motivo del recurso.

*Considerando:* que, si bien conforme con el artículo 898 del mismo Código, el cargo de Albacea es voluntario, según el artículo siguiente, ó sea el 899, una vez aceptado impone al Albacea la obligación de cumplirlo, sin que pueda renunciarlo, á no ser por justa causa, al prudente arbitrio del Juez, de donde se infiere que habiendo aceptado Don Juan Mollfulleda el cargo de Albacea de su hermano Don Ramón, como lo comprueba el hecho de haber establecido la demanda origen de este pleito, entre otros caracteres, con el de Albacea testamentario de su citado hermano, y no habiendo sido relevado expresamente de su cargo por el Tribunal, la sentencia que no le reconoce su personalidad como tal Albacea, implícitamente infringe también el citado artículo 899 del antíguo Código Civil, que se cita como infringido entre los fundamentos del recurso.

testator, which are not contrary to law; and it having been established by the will of Ramón Mollfulleda, presented by the plaintiff, Juan Mollfulleda, that the latter was appointed by his deceased brother sole executor, with the aforesaid powers, which are not contrary to law, it is evident that he had the necessary capacity as executor to prosecute the present litigation that had been commenced by his deceased brother Ramón, against Francisco Ramos, for the purpose of securing the annulment of certain proceedings to acquire· possession, and the admission thereof to record in the Registry of Property, and that consequently the judgment of the District Court of San Juan, which failed to recognize such capacity violates article 901 of the old Civil Code above cited, as also article 675 of the same code, according to which every testamentary provision shall be understood in the literal meaning of its words, unless it clearly appears that the will of the testator was different, and the juridical doctrine in conformity therewith laid down by the Supreme Court of Spain in the judgments referred to in the fifth allegation of the appeal.

Although under article 898 of the same code,. an executorship is a voluntary office, according to the following article 899, an executor who acceps the office is bound to act, and cannot resign without sufficient cause subject to the sound discretion of the judge, whence it ·is to be inferred that Juan Mollfulleda having accepted the office of executor of his brother's will, as shown by the fact of his having filed the complaint which was the beginning of this litigation, as executor of his brother's will, and not having been expressly relieved therefrom by the court the judgment which fails to recognize his capacity as such executor, implicitly violates aforesaid article 899 of the old Civil Code, which is cited as having been violated in the grounds of the appeal.

For the reasons above set forth we must hold that the appeal lies.

We should declare, and do declare, that the appeal in

*Considerando:* que por todas las razones expuestas debe estimarse procedente el presente recurso.

*Fallamos:* que debemos declarar y declaramos haber lugar al recurso de casación por infracción de ley interpuesto por Don Juan Mollfulleda contra la expresada sentencia del Tribunal del Distrito de San Juan, la que casamos y anulamos en cuanto por ella se declara con lugar la excepción de falta de personalidad del demandante Don Juan Mollfulleda, en su carácter de Albacea testamentario de su difunto hermano Don Ramón del mismo apellido, con el que, entre otros conceptos, interpuso la demanda origen de este pleito, sin especial condenación de costas; y con devolución de los autos originales comuníquese esta resolución, y la que á continuación se dicta, al Tribunal del Distrito de San Juan, á los fines procedentes. [1]

Jueces concurrentes: Sres. Hernández, Sulzbacher, y Mac-Leary.

El Juez Asociado Sr. Figueras no formó Tribunal en la vista de este caso.

---

Ayuntamiento de Caguas *v.* El Pueblo de Puerto Rico.

Apelación procedente de la Corte de Distrito de San Juan.

No. 5.—Resuelto en Abril 17, 1903.

Responsabilidades de los Ayuntamientos, Alcaldes y Concejales.— Los Ayuntamientos, Alcaldes y Concejales incurren en responsabilidad por negligencia ú omisión de que pueda resultar perjuicio á los intereses ó servicios que estén bajo su custodia, pero esa responsabilidad hay que plantearla y declararla antes de proceder contra los bienes de los Concejales para indemnizar cualquier perjuicio que hubieren causado con su omisión.

Id.—Los respectivos Ayuntamientos, como entidades jurídicas, son responsables, por sus cuotas de gastos carcelarios, al de la cabecera del partido, pudiendo éste, con arreglo á la Ley Municipal vigente, proceder contra aquéllos, por la vía de apremio, para hacerlas efectivas, pero no contra

---

cassation for violation of law taken by Juan Mollfulleda, from the aforesaid judgment of the District Court of San Juan lies, and the same is annulled in so far as it sustains the exception of want of capacity of the plaintiff Juan Mollfulleda, as executor of the will of his deceased brother Ramón Mollfulleda, in which capacity, among others, he filed the complaint giving rise to this litigation, without special imposition of costs. The original record is hereby ordered to be returned, and this decision as well as the one hereinbelow entered, to be communicated to the District Court of San Juan for compliance therewith. (*)

Messrs. Associate Justices Hernández, Sulzbacher and Mac Leary, concurring.

Mr. Associate Justice Figueras did not sit at the hearing of this case.

---

(*) For the reasons set forth in the foregoing judgment on appeal in cassation, the dilatory exception of the plaintiff's lack of capacity was overruled, while the other findings contained in the judgment annulled, were affirmed.